IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALEX N. PERHOSKY,<br><br>            Plaintiff,<br><br>      v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>            Defendant. | Civil Action No. 2:23-cv-00025<br><br>Magistrate Judge Lisa Pupo Lenihan<br><br>ECF No. 9 |

**MEMORANDUM OPINION**

Presently before the Court is Defendant's Motion to Dismiss Count II of Plaintiff's Complaint (ECF No. 9) pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the Court will deny Defendant's Motion to Dismiss Count II of Plaintiff's Complaint.

I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On July 3, 2018, Plaintiff Kameka Walters was involved in an automobile accident driving a vehicle that was insured by Defendant State Farm Mutual Automobile Insurance Company ("State Farm"). Compl., ¶¶ 4, 18, ECF No. 1-2. The driver of the other vehicle, Dawn Kyle, allegedly caused the Nissan truck she was operating to enter Plaintiff's lane of travel, striking the passenger side of Plaintiff's vehicle. *Id.* at ¶ 10. At the time of the accident, Kyle was insured by Nationwide with a policy limit of $100,000. *Id.* at ¶ 16.

In an underlying civil action in state court, Plaintiff sued Kyle and Elaine Simms, the owner of property adjacent to the intersection where the collision occurred. *Id.* at ¶ 9. Plaintiff claimed that Simms negligently allowed bushes to become overgrown and partially block Kyle's

view of the intersection. *Id.* At the time of the accident, Simms carried a homeowners insurance policy with Erie Insurance Exchange ("Erie"). *Id.* at ¶ 17.

Plaintiff alleges that she sustained numerous injuries some or all of which may be permanent in nature and her damages exceeded the limits of Kyle's policy with Nationwide. *Id.* at ¶¶ 14, 22. Under her insurance policy with State Farm, Plaintiff submits that she carried $300,000 in Underinsured Motorists ("UIM") benefits.[1] *Id.* at ¶ 19.

On October 21, 2021, State Farm waived its right to subrogation and consented to Plaintiff's liability injury settlement with Nationwide. *Id.* at ¶ 20. Thereafter, on October 29, 2021, Plaintiff received a gross settlement of $100,000 comprised of $90,000 from Kyle's Nationwide policy and $10,000 from Simm's homeowners insurance policy with Erie. *Id.* at ¶ 21.

Because she alleges that her injuries far exceeded $100,000, Plaintiff demanded that State Farm pay the UIM policy limit and included her medical records and expenses related to the accident. *Id.* at ¶ 23. Plaintiff alleges that in response, State Farm offered to settle with her for $25,000, without providing any explanation as to how it evaluated her claim. *Id.* at ¶ 24. To date, Plaintiff alleges that she has not received a reasonable offer from State Farm. *Id.* at 25.

Thereafter, on December 5, 2022, Plaintiff commenced this civil action in state court which State Farm removed to this federal court on January 6, 2023. ECF No. 1. Plaintiff's Complaint includes two counts—Count I for breach of contract and Count II for bad faith under 42 Pa. Cons. Stat. Ann. § 8371. On February 7, 2023, State Farm filed a Motion to Dismiss Count II of Plaintiff's Complaint (ECF No. 9) for failure to state a plausible claim for relief and

---

[1] State Farm contests that the amount of Plaintiff's UIM coverage is $300,000. According to the Declaration Page of Plaintiff's State Farm policy, the UIM coverage limit is $100,000 per person and with stacking brings the total UIM coverage available to $200,000 per person. *See* Def.'s Br. in Supp. of Mot. to Dismiss, ECF No. 9 at 2 n. 1 (citing Declaration Page, ECF No. 9-2 at 2).

supporting brief (ECF No. 10). In response, Plaintiff filed a response and brief in opposition (ECF Nos. 11 and 12) on February 28, 2023. As the motion is fully briefed and responded to, it is ripe for disposition.

II.     LEGAL STANDARD

The United States Court of Appeals for the Third Circuit summarized the standard to be applied in deciding motions to dismiss filed pursuant to Rule 12(b)(6):

> Under the "notice pleading" standard embodied in Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must come forward with "a short and plain statement of the claim showing that the pleader is entitled to relief." As explicated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), a claimant must state a "plausible" claim for relief, and "[a] claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Although "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), a plaintiff "need only put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Fowler*, 578 F.3d at 213 (quotation marks and citations omitted); *see also Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 117–18 (3d Cir. 2013).

*Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014).

"In resolving a motion to dismiss pursuant to Rule 12(b)(6), a court generally should consider only the allegations in the complaint, as well as 'documents that are attached or submitted with the complaint, ... and any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case.'" *State College Area Sch. Dist. v. Royal Bank of Canada*, 825 F.Supp.2d 573, 577–578 (M.D.Pa.2011) (quoting *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir.2006)). *See also Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir.1993) (citations omitted); *PBGC v. White Consolidated Industries, Inc.*, 998 F.2d

3

1192, 1196 (3d Cir.1993). Consideration of such documents will not convert the motion to dismiss into a motion for summary judgment.

III.  DISCUSSION

In Count II of the Complaint, Plaintiff seeks to recover damages for State Farm's alleged "bad faith" in violation of 42 Pa.Cons. Stat. Ann. § 8371. Section 8371 provides:

> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:
>
> (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
>
> (2) Award punitive damages against the insurer.
>
> (3) Assess court costs and attorney fees against the insurer.

*Id.* "Bad faith" is not defined in the statute, however, courts interpreting Pennsylvania law have held that a §8371 claim contains two elements: (1) the insurer lacked a reasonable basis for denying benefits under the applicable policy, and (2) the insurer knew or recklessly disregarded the lack of a reasonable basis for refusing the claim. *Employers Mut. Cas. Co. v. Loos,* 476 F.Supp. 2d 478, 490 (W.D. Pa. 2007) (citing *Terletsky v. Prudential Prop.,* 649 A.2d 680, 688 (Pa. Super. Ct. 1994)); *see also Horowitz v. Fed. Kemper Life Assur. Co.,* 57 F.3d 300, 307-08 (3d Cir. 1995) (citing *D'Ambrosio v. Pa. Nat'l Mut. Cas. Ins. Co.,* 431 A.2d 966, 971 (Pa. 1981)). The level of culpability required to prove bad faith is something more than mere negligent conduct which is harmful to the insured. *Loos,* 476 F.Supp. 2d at 490 (citing *Brown v. Progressive Ins. Co.,* 860 A.2d 493, 501 (Pa. Super. Ct. 2004)). The superior court expounded on this point in *O'Donnell ex rel. Mitro v. Allstate Insurance Co.*:

> "Bad faith" on part of insurer is any frivolous or unfounded refusal to pay proceeds of a policy; it is not necessary that such

4

> refusal be fraudulent. For purposes of an action against an insurer for failure to pay a claim, such conduct imports a dishonest purpose and means a breach of a known duty (i.e., good faith and fair dealing), through some motive of self-interest or ill will; mere negligence or bad judgment is not bad faith.

734 A.2d 901, 905 (Pa. Super. Ct. 1999) (citing *Romano v. Nationwide Mut. Fire Ins. Co.*, 646 A.2d 1228, 1232 (Pa. Super. Ct. 1994) (quoting *Black's Law Dictionary* 139 (6th ed. 1990))) (other citation omitted).  Considerations of "the motive of self-interest or ill will" of the insurer are not a third element of a bad faith claim, but rather, are probative of the second element enumerated in *Terletsky, i.e.*, "'the insurer knew or recklessly disregarded its lack of reasonable basis in denying the claim.'" *Loos,* 476 F.Supp. 2d at 491 (quoting *Terletsky*, 649 A.2d at 688).

In support of its motion to dismiss Count II of the Complaint, State Farm submits that Plaintiff's bad faith claim is premised on her disagreement with its valuation of her UIM claim prior to the completion of its investigation and its February 17, 2022 offer of $25,000 reflecting that valuation.  State Farms submits that Plaintiff's characterization of its offer as "grossly inadequate" does not take into account that it factored into its evaluation a credit/setoff of $110,000 from Plaintiff's prior settlement with the insurance carriers for Kyle and Simms,[2]

---

[2] State Farm argues that under Pennsylvania law and the subject Policy, it is entitled to a credit in the amount of $100,000 representing the full amount that Plaintiff was entitled to recover from the liability limits of Kyle's policy with Nationwide, citing *Boyle v. Erie Ins. Co.*, 656 A.2d 941, 943-44 (Pa. Super. Ct. 1995).  Plaintiff's policy with State Farm includes an exhaustion clause which provides: "***We*** will pay only if the full amount of all available limits of all bodily injury liability . . . policies . . . that apply to the ***insured's bodily injury*** have been used up by payment of judgments or settlements, or have been offered to the ***insured*** in writing."  *See* Insuring Agreement – Coverages W and W3, State Farm Car Policy Booklet, ECF No. 9-2 at 38.  In *Boyle*, the superior court, construing a similar exhaustion clause, concluded that:

> when the insureds settled their claim against the tortfeasor's liability carrier for less than policy limits, the underinsured motorist carrier was entitled to compute its payment to its injured insureds as though the tortfeasor's policy limits had been paid. Under this view, the insureds will not be allowed underinsured motorist benefits unless their damages exceed the maximum liability coverage provided by the liability carriers of other drivers involved in the accident; and their insurer will, in any event, be allowed to credit the full amounts of the tortfeasors' liability coverages against the insureds' damages.

bringing the total valuation to $135,000 as of February 17, 2022 while its investigation was still ongoing. State Farm contends that this is nothing more than a normal dispute between and insured and insurer and not unusual, and therefore, it does not give rise to a bad faith claim. In support of its argument, State Farm cites to *Johnson v. Progressive Ins. Co.*, 987 A.2d 781, 785 (Pa. Super. Ct. 2009), and *Smith v. State Farm Mut. Auto. Ins. Co.*, 506 F. App'x 133, 137 (3d Cir. 2012). State Farm points out that "the failure to immediately accede to a demand for the policy limit cannot, without more, amount to bad faith[,]" quoting *Smith*, 506 F. App'x at 137.

State Farm further argues that this case is factually similar to *Mohamed v. Progressive Advanced Ins. Co.*, No. 21-5174, 2022 WL 1084738, at *3 (E.D.Pa. Apr. 11, 2022), in which the court held that plaintiff had not alleged enough facts to "'nudge' her bad faith claim across the line from conceivable to plausible[,]" where she provided only "broad and conclusory statements" characterizing the insurer's settlement offers as "'lowball' to show it unreasonably valued her claim[,]" and finding that without "additional facts about her claim and the accompanying investigation, negotiations or communications between [plaintiff] and the insurer," the court could not infer bad faith on the part of the insurer. Here State Farm contends that Plaintiff's bad faith claim suffers from the same deficiencies as *Mohamed*—a failure to allege any facts to show how State Farm's offer was unreasonable. Thus, State Farm maintains

---

*Boyle*, 656 A.2d at 943-44 (internal citation omitted). Thus, it appears that State Farm is entitled to a credit/offset for the full amount that Plaintiff was entitled to recover from the Nationwide policy--$100,000.

Moreover, State Farms submits that pursuant to the Nonduplication clause in its Policy (ECF No. 9-2 at 39), it is entitled to an additional offset of $10,000 which represents the amount of damages paid by Simm's homeowner's insurance carrier Erie. The Nonduplication clause provides in relevant part: "***We*** will not pay under Underinsured Motor Vehicle Coverage any damages that have already been paid to or for the ***insured*** . . . by or on behalf of any ***person*** or organization who is or may be held legally liable for the ***bodily injury*** to the ***insured***[.]" ECF No. 92-1 at 39. State Farm maintains that the Nonduplication clause is consistent with Pennsylvania law's prohibition on double recovery, citing *AAA Mid-Atlantic Ins. Co. v. Ryan*, 84 A.3d 626, 634 (Pa. 2014)(noting Pennsylvania law precludes double recovery for the same injury). Thus, it appears that State Farm is entitled to an additional credit/offset of $10,000 for the settlement paid by Erie under Simm's homeowner's insurance policy.

that Plaintiff has not plausibly alleged and cannot plausibly allege that this valuation was made in bad faith or without reasonable basis and therefore her bad faith claim should be dismissed.

In response, Plaintiff argues that State Farm's settlement offer of $25,000 is grossly inadequate and was made without any explanation as to how it evaluated the claim, despite having been provided with all of her medical records and expenses related to the case which established that her claim was for a serious, severe injury with lifelong limitations requiring significant medical treatment and with pain and suffering. Yet despite possessing this evidence, Plaintiff submits that State Farm had not made a fair decision regarding her UIM claim, nor has it conducted any independent investigation of its own or submitted her to an independent medical evaluation or conducted a peer review. As such, Plaintiff maintains that State Farm lacked a reasonable basis for evaluating her claim near the range of $125,000 to $135,000. In support, Plaintiff cites *Bonenberger v. Nationwide Mutual Insurance Company*, 791 A.2d 378 (Pa. Super. Ct. 2002). Although the trial court in *Bonenberger* concluded that the insurer had no reasonable basis for its valuation of the UIM claim, noting that the insurer failed to conduct an independent medical evaluation of the insured, among other things, that case is inapposite because the trial court's determination that the insurer acted in bad faith came after a non-jury trial. *Id.* at 379-80. The trial court also had before it the insurer's "Best Claim Practices Manual" which contained the insurer's overall philosophy which the trial court found "encourag[ed] unethical and unprofessional practices." *Id.* at 380.

Here the sufficiency of Plaintiff's bad faith claim is raised at the motion to dismiss stage and therefore the Court is limited to the facts alleged in the Complaint and any documents integral to the claims in the Complaint—in this case, that includes State Farm's insurance policy attached to its motion to dismiss. In her Complaint, Plaintiff sets forth the following *factual*

allegations in support of her bad faith claim: (1) she provided State Farm with all medical records and expenses related to the case on January 24, 2022; (2) she sustained numerous serious injuries, some of which are alleged to be permanent; (3) on February 17, 2022, State Farm made an offer of $25,000; (4) State Farm failed to provide an explanation as to its evaluation of Plaintiff's injuries or the basis of its offer; (4) as of the date this civil action was commenced—December 5, 2022—State Farm has continued to refuse to make payment of the UIM coverage limits, has not conducted an independent investigation of its own, has not subjected Plaintiff to an independent medical evaluation or conducted a peer review. ECF No. 1-2 at ¶¶ 39-43. It is further alleged that State Farm had more than enough time to review, evaluate, discuss and make a fair decision on Plaintiff's UIM claim. *Id.* at ¶ 49. It is also appears from the Complaint and the subject Policy that Plaintiff's UIM claim has been valued so far at $135,000 and she has received this amount. So the question before this Court is whether based on these factual allegations Plaintiff has stated a plausible bad faith claim. The Court finds that she has.

In *Snyder for Goldhirsh v. State Farm Mutual Automobile Insurance Company*, the district court aptly explained what is sufficient to state a plausible bad faith claim:

> Actions constituting bad faith are not limited solely to a denial of coverage, but may also include "a lack of investigation, unnecessary or unfounded investigation, failure to communicate with the insured, or failure to promptly acknowledge or act on claims." *Ironshore Specialty Ins. Co. v. Conemaugh Health Sys., Inc*., 423 F. Supp. 3d 139, 154–55 (W.D. Pa. 2019) (citing *Frog, Switch & Mfg. Co. v. Travelers Ins. Co*., 193 F.3d 742, 751 n.9 (3d Cir. 1999)). Bad faith may occur "when an insurance company makes an inadequate investigation or fails to perform adequate legal research concerning a coverage issue." *Hamm v. Allstate Prop. & Cas. Ins. Co*., 908 F. Supp. 2d 656, 672 (W.D. Pa. 2012) (quoting *Corch Constr. Co. v. Assurance Co. of Am*., 64 Pa. D. & C.4th 496, 516 (Pa. Commw. Ct. 2003)).
>
> At the pleading stage, a plaintiff states a sufficient claim if the complaint avers basic facts regarding the insurance policy, loss, and denial of the claim, as well as allegations that the insurer acted unreasonably. *See*

> *Scarpato v. Allstate Ins. Co.*, No. 05-cv-5520, 2007 WL 172341, at *5 (E.D. Pa. January 23, 2007) (holding that complaint sufficiently pled a bad faith claim under the federal notice pleading requirement where complaint alleged that insurance company failed to conduct a reasonable investigation and asserted policy defenses without a reasonable basis); *Mezzacappa v. State Farm Insurance Company*, No. 04-cv-5249, 2004 WL 2900729, at *1–2 (E.D. Pa. Dec. 14, 2004) (holding that plaintiff's allegations that the insurer's denial was unreasonable, lacked sufficient basis, and violated the terms of the insurance contract was sufficient to state a bad faith claim).

___ F.3d ___, 2022 WL 17540210, at * 3 (E.D.Pa. Dec. 8, 2022).

Here Plaintiff has alleged basic facts regarding the UIM coverage under the subject Policy, the extent of her injuries and resulting damages, and that State Farm failed to provide UIM coverage limits. In addition, she alleges that State Farm has failed to provide any explanation for its offer of $25,000 to settle her UIM claim or its valuation at $135,000 and did not conduct any investigation of its own or subject her to an independent medical evaluation or peer review. The Court also notes that a considerable amount of time has passed since the occurrence of the underlying motor vehicle accident on July 3, 2018 in which Plaintiff sustained these injuries. Giving Plaintiff the benefit of all reasonable inferences, it can be inferred from these facts that State Farm lacked a reasonable basis for not providing the UIM coverage limits under the subject Policy. As such, the Court finds that Plaintiff has managed to nudge her bad faith claim across the line from conceivable to plausible, although barely. Thus, the Court will deny State Farm's motion to dismiss Plaintiff's bad faith claim in Count II without prejudice to it raising this issue again at the summary judgment stage.

IV. <u>CONCLUSION</u>

For the reasons set forth above, Defendant's Motion to Dismiss Count II of Plaintiff's Complaint will be denied. A separate order will follow.

Dated:  May 4, 2023  BY THE COURT:

_____
LISA PUPO LENIHAN
United States Magistrate Judge